UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIENNE BUSH,

      Plaintiff,

v.

LUMILEDS, LLC,

      Defendant.

Case No. 22-10686
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

## REPORT AND RECOMMENDATION TO
## SUA SPONTE DISMISS PLAINTIFF'S COMPLAINT

---

### I.     Introduction

Plaintiff Adrienne Bush sues Lumileds, LLC, alleging fraud and breach of contract claims arising out of her 2016 termination from Lumileds. ECF No. 1.  The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.  The Court recommends that the complaint be dismissed sua sponte because Bush's claims are barred by res judicata.

### II.    Background

In May 2016, Bush filed a complaint against Lumileds, LLC, and two individual defendants.  *Bush v. Lumileds, LLC, et al*., No. 16-11761 (E.D. Mich. filed May 18, 2016), ECF No. 1.  Her amended complaint alleged

racial discrimination, denial of equal compensation, retaliation, and

wrongful termination.  ECF No. 30.  Count VII said:

> 181. The Plaintiff signed an employment agreement and
> handbook that is in the Defendant's possession.
> 182.  The Defendants did not abide by the terms of the
> Handbook.
> 183.  During the course of her employment with the
> Defendants, the Plaintiff was discriminated against based on
> race and subject to retaliation and disparate treatment by the
> Defendants as described above.
> 184. Defendants terminated Plaintiffs employment because of
> race and retaliation.
> 185.  On January 29, 2016, the Plaintiff was called into a
> meeting to be given a WARN 60. The WARN 60 provided
> regular pay and benefits until March 31, 2016. After which, the
> Plaintiff would receive 6 weeks' severance per the Lumileds
> Severance Plan, which the Plaintiff never received.

*Id.*, PageID.400.

In September 2018, Judge Michelson granted summary judgment on

all but Bush's discriminatory discharge claims under Title VII and the Elliot-

Larsen Civil Rights Act.  *Bush*, No. 2:16-CV-11761, 2018 WL 4610867, at

*1 (E.D. Mich. Sept. 26, 2018).  Shortly before that decision, Bush filed for

Chapter 7 bankruptcy.  *In re: Adrienne Bush*, No. 19-11425, ECF No. 18,

PageID.1451.  "When a debtor files a Chapter 7 petition, [her] assets, with

specified exemptions, are immediately transferred to a bankruptcy estate."

*Harris v. Viegelahn*, 575 U.S. 510, 513 (2015).  Bush's lawsuit was an

asset that immediately transferred to her bankruptcy estate.  *See In re*

*Parker*, 499 F.3d 616, 624 (6th Cir. 2007) (citing 11 U.S.C. § 541(a)(1), (7)).

But when completing required bankruptcy documents, Bush "repeatedly failed to disclose [her 2016] lawsuit after being prompted to do so." *In re: Adrienne Bush*, No. 19-11425, ECF No. 18, PageID.1454. Bush's deceit was revealed in October 2018 when Lumileds' attorney told the bankruptcy trustee about the lawsuit. *Id*., PageID.1453. Bush then tried to keep her lawsuit by moving to convert her Chapter 7 proceeding to a Chapter 13 proceeding. *Id*.; *Harris*, 575 U.S. at 514 ("Chapter 13 allows a debtor to retain [her] property if [she] proposes, and gains court confirmation of, a plan to repay [her] debts over a three- to five-year period."). The bankruptcy judge denied the motion to convert, concluding that the motion was not made in good faith, that the motion "would further an abuse of the bankruptcy process," and that Bush had intentionally tried to hide her lawsuit. *In re: Adrienne Bush*, No. 19-11425, PageID.1454-1455; ECF No. 11, PageID.1363.

The bankruptcy judge then approved an agreement between the trustee and Lumileds to settle Bush's 2016 case for $20,000. *Id*., ECF No. 18, PageID.1453-1455. Bush appealed, but the Honorable Sean F. Cox entered a judgment affirming the bankruptcy court's decision. *Id*., ECF No.

3

18; ECF No. 19.  The Sixth Circuit affirmed Judge Cox's entry of judgment. *In re Bush*, No. 19-2131, 2021 WL 1327226, at *1 (6th Cir. Jan. 12, 2021), *cert. denied sub nom*. *Bush v. Nathan*, 142 S. Ct. 903 (2022).

Undaunted, Bush filed this case against Lumileds, LLC, in March 2022.  ECF No. 1.  Mirroring the claims Bush made in her 2016 amended complaint, she alleges in her new complaint that Lumileds failed to offer her six-weeks of severance pay and that her termination via the WARN notice stemmed from racial discrimination.  *Id.*, PageID.5.  Though Bush's new complaint cites the same facts as those she relied on her in earlier amended complaint, she now alleges that Lumileds breached a contract and committed fraud.  *Id.*

## III.    Analysis

The doctrine of res judicata, also called claim preclusion, is usually an affirmative defense that a defendant must raise.  *Arizona v. California*, 530 U.S. 392, 410 (2000) (citing Fed. R. Civ. P. 8(c)).  But federal courts may dismiss an action sua sponte on res judicata grounds under "special circumstances," such as when "a court is on notice that it has previously decided the issue presented."  *Id.* at 412 (citation and internal quotation marks omitted).  *Id.* at 412.  Under those circumstances, sua sponte dismissal of a claim "is fully consistent with the policies underlying res

4

judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id*. (internal citation and quotation marks omitted); *see also Hanger Prosthetics & Orthotics E., Inc. v. Henson*, 299 F. App'x 547, 553 (6th Cir. 2008) (affirming district court's sua sponte dismissal of claim on res judicata grounds because "this second litigation wastes judicial resources, risks potentially conflicting judicial determinations, and burdens the parties with multiple lawsuits."); *Hutcherson v. Lauderdale Cty., Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003) (raising res judicata sua sponte on appeal).

Raising res judicata sua sponte here is warranted because Bush already wasted judicial resources with her bad-faith abuse of the bankruptcy process. Allowing her to relitigate her claims against Lumileds would waste more judicial resources and burden Lumileds with a lawsuit involving already settled claims.

And the requirements of res judicata are met here. "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under federal common law, a claim is barred by res judicata when these four elements are met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a

5

subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002) (citation and internal quotation marks omitted).  The rules of res judicata apply to bankruptcy court decisions.  *Trustees of Operating Engineers Loc. 324 Pension Fund v. Bourdow Contracting, Inc*., 919 F.3d 368, 380 (6th Cir. 2019).

The first and second elements are met because a bankruptcy court approved the settlement of Bush's 2016 suit against Lumileds, LLC—the defendant here—and Judge Cox entered a judgment affirming the bankruptcy court's decision.

The third and fourth elements are also satisfied.  Those elements address the main purpose of res judicata, which is to prevent parties from "relitigating of issues that were or could have been raised in [an earlier] action."  *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981). Thus, the Court must assess whether Bush's new claims stem from the same nucleus of facts or transaction as the claims litigated in the 2016 case.  *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc*., 140 S. Ct. 1589, 1594 (2020); *Musleh v. Am. Steamship Co*., 326 F. Supp. 3d 507, 515-21 (E.D. Mich. 2018), *aff'd*, 766 F. App'x 214 (6th Cir. 2019).

6

Bush alleges here that Lumileds improperly denied her severance pay after she was terminated and Lumileds engaged in racial discrimination when it issued her the WARN 60-Day Notice.  ECF No. 1, PageID.5. These allegations arise from the same nucleus of facts and the same termination that were litigated in Bush's 2016 case.  *See Bush*, No. 16-11761, ECF No. 30, PageID.400; ECF No. 105.  Bush cannot escape the preclusive effect of res judicata even though she has repackaged her discrimination claims by alleging that Lumileds is liable for breach of contract and fraud.  *Musleh*, 326 F. Supp. 3d at 516-21.

Bush's claims against Lumileds stemming from her 2016 termination are settled and done, and this Court should say so now before more judicial resources are wasted.

## IV.   Conclusion

The Court **RECOMMENDS** that the complaint against Lumileds, LLC be **DISMISSED SUA SPONTE** because Bush's claims are barred by res judicata.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 15, 2022

7

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager