UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ADRIENNE BUSH,<br><br>    Plaintiff,<br><br>v.<br><br>LUMILEDS, LLC,<br><br>    Defendant. | Case No. 22-10686<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO
GRANT MOTION FOR SUMMARY JUDGMENT IF EARLIER
RECOMMENDATION TO DISMISS SUA SPONTE IS NOT ADOPTED
(ECF NO. 18)**

## I.    Introduction and Background

Plaintiff Adrienne Bush sues Lumileds, LLC, alleging fraud and breach of contract claims arising out of her 2016 termination from Lumileds. ECF No. 1. The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

In June 2022, the Court issued a report and recommendation (R&R) to sua sponte dismiss the complaint under the doctrine of res judicata because Bush's claims against Lumileds were settled in a bankruptcy action, *In re: Adrienne Bush*, No. 19-11425. ECF No. 8, PageID.22. The

Sixth Circuit upheld the bankruptcy court's decision to approve the settlement agreement.  *Id.*, PageID.22-23.  Bush objected to the R&R, while Lumileds agreed with the recommendation and added other reasons for dismissal.  ECF No. 11; ECF No. 14.  But before Bush's objections to the R&R were addressed, Lumileds filed its own suggestion of bankruptcy and Judge Michelson stayed proceedings.  ECF No. 16; ECF No. 17.  The order of stay was lifted after Lumileds moved for summary judgment.  ECF No. 18; ECF No. 20.

Lumileds argues in its motion for summary judgment that Bush is permanently enjoined from pursuing her claims here because of an October 2022 order confirming Lumileds' reorganization plan ("the Plan") under Chapter 11 of the Bankruptcy Code.  *See* ECF No. 18-1 (order of the United States Bankruptcy Court, Southern Division of New York, Case No. 22-11155).  The Court agrees.  So if the earlier R&R to dismiss sua sponte on res judicata grounds is not adopted, Lumileds' motion for summary judgment should be granted.

## II.  Analysis

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's

function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The October 2022 bankruptcy order confirming the Plan says that "the distributions, rights, and treatment that are provided in the Plan shall be in complete and final satisfaction, settlement, discharge, and release, effective as of the Plan Effective Date, of all Claims…and Causes of Action of any nature whatsoever." ECF No. 18-1, Page 12. And with exceptions not relevant here, "the confirmation of a plan…discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C.

§ 1141(d)(1)(A).  The discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."  11 U.S.C. § 524(a)(2); *see also In re Kalikow*, 602 F.3d 82, 94 (2d Cir. 2010) ("When there is a confirmation order of a reorganization plan in bankruptcy pursuant to Chapter 11, that confirmation order discharges the debtor from all pre-confirmation claims.").

In response to Lumileds' motion, Bush argues that the bankruptcy court had no power to relieve Lumileds of her claims for back pay and lost wages under the Worker Adjustment and Retraining Notification (WARN) Act.  ECF No. 22, PageID.293-294.  The first reason that this argument lacks merit is because Bush does not request damages under the WARN Act in her complaint.  ECF No. 1.  She states that she was terminated from her employment with a notice under the WARN Act, but her claims for relief are breach of contract and fraud.  *Id*., PageID.5-6.  Bush makes no argument that breach of contract and fraud claims are not dischargeable in bankruptcy court.

And even if Bush's claims were under the WARN Act, the opinions she cites do not support her argument that those claims would not be

4

dischargeable in a bankruptcy action.  ECF No. 22, PageID.294; *Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494 (1986) (holding that a bankruptcy trustee may not abandon property in a manner that contravenes state laws and regulations meant to protect the public health and safety); *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 534 (1984) (stating that a debtor-in-possession is not relieved of all obligations under the NRLA after filing a bankruptcy petition, but that the bankruptcy court did not err in permitting the debtor-in-possession to reject a collective-bargaining agreement); *In re Nitec Paper Corp.*, 43 B.R. 492, 499 (S.D.N.Y. 1984) (vacating an order of a bankruptcy court that violated "The Niagara Redevelopment Act, The Federal Power Act, the bankruptcy code, or state law, recognized by the code.").

Contrary to Bush's argument, "ample authority" has held that pre-confirmation employment-related claims "are barred by discharge under § 1141(d)(1)." *In re UAL Corp.*, 398 B.R. 243, 247 (N.D. Ill. 2008*); see also Hutchens v. Am. Eagle Airlines, Inc.*, No. 2:13-CV-210, 2015 WL 7074624, at *2 (W.D. Mich. Oct. 15, 2015) (collecting cases in which employment-related claims based on pre-discharge conduct of debtor were barred).

5

Bush's employment-related claims against Lumileds are also dischargeable.[1]

### III.    Conclusion

This Court believes that Bush should be barred from relitigating her claims for the reasons stated in the earlier report and recommendation. ECF No. 8.  Otherwise, Lumileds' motion for summary judgment, ECF No. 18, should be **GRANTED**.

---

[1] Citing the Plan, Lumileds argues in its reply brief that the bankruptcy court has exclusive jurisdiction to resolve Bush's arguments that her claims were not dischargeable.  ECF No. 23, PageID.303 (citing ECF No. 18-1, PageID.270-271).  Lumileds may be right that the Plan's reservation of exclusive jurisdiction controls, but the reservation of jurisdiction must also be permitted by statute.

> Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket. Subject matter jurisdiction cannot be conferred by consent of the parties. Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization. Similarly, if a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order.

*In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) (cleaned up).  Lumileds does not address whether the bankruptcy court has statutory jurisdiction to resolve the dispute here.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 8, 2023

**NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

7

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack support, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2023.

                                            s/Marlena Williams  
                                            MARLENA WILLIAMS  
                                            Case Manager