UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ADRIENNE BUSH,<br><br>    Plaintiff,<br><br>v.<br><br><br>LUMILEDS, LLC,<br><br>    Defendant. | Case No. 22-10686<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER OVERRULING OBJECTIONS [25],
ADOPTING REPORT AND RECOMMENDATION [24],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[18], AND DISMISSING AS MOOT REPORT AND RECOMMENDATION
[8]**

Adrienne Bush contends that on January 26, 2016, she was given a "WARN 60 days' notice" from her former employer, Lumileds, LLC, that her position would be terminated on March 31, 2016. (*Id.*) And she says that she was owed six weeks' severance upon termination pursuant to terms in Lumileds' employee handbook agreement. (*Id.*) But Lumileds failed to pay her any severance. So she filed this *pro se* suit in March 2022, bringing claims for fraud and breach of contract. (*Id.*)

But this is not the first suit Bush filed against Lumileds related to her 2016 termination. In May 2016, Bush sued Lumileds and two individual defendants, alleging racial discrimination, denial of equal compensation, retaliation, and wrongful termination. *Bush v. Lumileds, LLC*, No. 16-11761 (E.D. Mich. May 18, 2016), ECF No. 30, PageID.400. Her claims in that suit included the same allegations

regarding Lumileds' alleged failure to pay her the severance she was owed per the employee handbook agreement. *Id.*

While that case was pending, however, Bush filed a Chapter 7 bankruptcy petition. *In re Adrienne Bush*, No. 19-11425 (Bankr. E.D. Mich. August 9, 2016), ECF No. 1. After Bush's bankruptcy trustee discovered her then-pending employment discrimination lawsuit against Lumileds, he agreed to settle it for $20,000. *In re Bush*, No. 19-2131, 2021 WL 1327226, at *1 (6th Cir. Jan. 12, 2021). The Bankruptcy Court approved the settlement over Bush's opposition, and the Sixth Circuit upheld the decision on appeal. *Id.* at *3. Subsequently, Bush filed this lawsuit, bringing claims for breach of contract and fraud arising out of her termination.

The case was referred to Magistrate Judge Elizabeth Stafford for all pretrial matters under 28 U.S.C. § 636(b)(1). (ECF No. 7.) And in June 2022, Magistrate Judge Stafford issued a report and recommendation that the Court *sua sponte* dismiss the complaint under the doctrine of res judicata because Bush's claims against Lumileds were settled in the bankruptcy action. (ECF No. 8, PageID.22.) Bush objected to the report and recommendation. (ECF No. 11.) But before this Court could address Bush's objections to Judge Stafford's report and recommendation, Lumileds filed its own suggestion of bankruptcy (ECF No. 16), and the Court stayed the proceedings (ECF No. 17).

Once Lumileds' bankruptcy proceedings concluded, the Court lifted the stay (ECF No. 20) and Lumileds moved for summary judgment (ECF No. 18). Lumileds argued that Bush was permanently enjoined from pursuing her claims in this suit

because of an October 2022 order confirming Lumileds' reorganization plan under Chapter 11 of the Bankruptcy Code. (ECF No. 18, PageID.183 (citing ECF No. 18-1).)

Magistrate Judge Stafford recommended granting Lumileds' motion for summary judgment if the Court did not agree with the earlier recommendation that the case be dismissed *sua sponte*. (ECF No. 24, PageID.313.) Before the Court is Bush's objection to Judge Stafford's recommendation that Lumileds' motion for summary judgment be granted. (ECF No. 25.)

For the following reasons, the Court overrules Bush's objection, adopts the recommended disposition, and grants Lumileds' motion for summary judgment. Accordingly, Magistrate Judge Stafford's report and recommendation that this case be *sua sponte* dismissed on res judicata grounds (ECF No. 8) is dismissed as moot.

I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review unobjected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citations and internal quotation marks omitted). Objections should be "specific in order to focus the busy district court's attention on only those issues that were

3

dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

Bush makes one general objection to the report and recommendation. She says that she is "[o]bjecting to this report and recommendation in its entirety because according to . . . Lumileds['] handbook a person being released from the organization other than [by] their own resignation would automatically receive a severance package based on their time in service." (ECF No. 25, PageID.317.) Bush also says that Lumileds' "use of the WARN ACT [Worker Adjustment and Retraining Notification Act of 1988] [to terminate her] abused the system." (*Id.*) And that Lumileds "clearly violated the federal WARN ACT" because it did not "meet the criteria to use the WARN ACT to dismiss her" and "never notified the State of Michigan that [there was] to be a mass layoff in the Farmington Hills location." (*Id.*)

To start, Bush's objection to the report and recommendation in its entirety, without pointing out which of Judge Stafford's specific findings she objects to, is exactly the type of "frivolous, conclusory, or general" objection that would not warrant *de novo* review. *Mira*, 806 F.2d at 637 ("The parties have the duty to pinpoint those portions of the magistrate [judge]'s report that the district court must specially consider."); *see also Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff "waived any challenge to the district court's conclusions" because his objections to the report and recommendation did not specifically address the magistrate judge's reasoning); *Rivette v. Kijakazi*, No. 21-12605, 2023 WL

4

4666602, at *3 (E.D. Mich. July 20, 2023) (finding that conclusory, unspecific objection was improper where plaintiff failed to point out any error by the magistrate judge); E.D. Mich. LR 72.1(d)(1)(A) (explaining that objections must "specify *the part of the . . . recommendations or report* to which a person objects" (emphasis added)).

But even considering Bush's objections on the merits, they fail to identify any error in Magistrate Judge Stafford's Recommendation. As the Court understands it, Bush's objection merely reiterates her argument that Lumileds failed to pay her severance that she was owed and improperly used the WARN Act when it terminated her employment. Again, neither of these arguments challenge or even address Judge Stafford's substantive findings.

First, Judge Stafford found that Bush's claims against Lumileds were discharged, and thus enjoined, pursuant to a confirmation order from Lumileds' Chapter 11 bankruptcy. (ECF No. 24, PageID.310–313.) Even if Bush's allegations were true, and she was owed severance by Lumileds before it went through bankruptcy, that claim is barred and may not proceed per the bankruptcy court's confirmation order. (*See* ECF No. 18-1, PageID.12 (October 2022, bankruptcy plan confirmation order stating that "the distributions, rights, and treatment that are provided in the Plan shall be in complete and final satisfaction, settlement, discharge, and release, effective as of the Plan Effective Date, of all Claims . . . and Causes of Action of any nature whatsoever").) Bush's argument that Lumileds breached the employment agreement and committed fraud by not paying her severance does nothing to address or challenge the bankruptcy order enjoining her claims.

5

Judge Stafford also addressed Bush's arguments concerning the WARN Act. In response to Lumileds' motion, Bush argued that the bankruptcy court had no power to relieve Lumileds of her claims for back pay and lost wages under the WARN Act. (ECF No. 22, PageID.293–294.) Judge Stafford rejected this argument for two reasons.

For one, Judge Stafford explained that Bush never alleged any WARN Act violations or sought any damages under that statute in her complaint. (ECF No. 24, PageID.311.) Indeed, Bush's complaint raises two claims—one for breach of contract and one for fraud, neither of which is based on a violation of the WARN Act. (*See* ECF No. 1, PageID.5.) The only mention of the WARN Act in Bush's complaint is the mere statement that Bush was given a "WARN notice" 60 days before her date of termination. (*Id.*) It is well settled that a plaintiff may not assert new claims or amend their complaint in a response to a summary judgment motion. *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 789 (6th Cir. 2005) (holding that a plaintiff may not raise a new claim in response to summary judgment); *see also Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) ("To the extent Bridgeport seeks to expand its claims to assert new theories, it may not do so in response to summary judgment or on appeal.") Accordingly, the Court need not consider any alleged WARN Act violations Bush raises for the first time in response to Lumileds' motion for summary judgment.

What is more, Judge Stafford found that Bush failed to provide any authority supporting the contention that a WARN Act claim, or Bush's other employment

6

claims, could not be discharged and enjoined by a Chapter 11 bankruptcy reorganization plan confirmation order. (ECF No. 24, PageID.311–312.) Indeed, as Judge Stafford pointed out, ample authority shows the opposite is true. *See, e.g.*, *Long v. Delta Air Lines, Inc.*, No. 08-00210, 2009 WL 5198092, at *3 (W.D. Ky. Dec. 23, 2009) ("Several courts, including the Sixth Circuit, have held that an employee or former employee's claim arising out of events that occurred before the date of the Confirmation Order in her employer's Chapter 11 bankruptcy are barred and the Confirmation Order requires the dismissal of all such claims.") (collecting cases); *Hutchens v. Am. Eagle Airlines, Inc.*, No. 13-210, 2015 WL 7074624, at *2 (W.D. Mich. Oct. 15, 2015) (dismissing employment discrimination suit filed after reorganization plan confirmation because claim was discharged under 11 U.S.C. § 1141(d)).

Accordingly, Bush's objection will be overruled.

### III.

In sum, the Court OVERRULES Bush's objection to the report and recommendation (ECF No. 25), ADOPTS the recommended disposition (ECF No. 24), and GRANTS Lumileds' motion for summary judgment (ECF No. 18). Magistrate Judge Stafford's prior report and recommendation (ECF No. 8) is DISMISSED as MOOT. A separate judgment will be issued.

SO ORDERED.

Dated: January 17, 2024

> s/Laurie J. Michelson  
> LAURIE J. MICHELSON  
> UNITED STATES DISTRICT JUDGE